UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| AMELIA WIEAND and ENRIQUE OREJUELA, as parents, next of kin and next friends of their minor daughter, E.Gr.O., deceased, and their minor son, E.Ga.O, deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:19-CV-174-TRM-DCP |
| JENNIFER SALLEY, | ) ) ) | |
| Defendant. | ) | |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Expedited Discovery [Doc. 8]. Specifically, Plaintiffs seek expedited discovery to identify potential co-defendants before the statute of limitations expires, to prevent evidence from being lost or destroyed, and to determine outstanding insurance issues. Plaintiffs request that they be allowed (1) to take the depositions of Defendant, Chelsea Barger, and Allison Streeter, (2) to serve requests for production of documents on Defendant, and (3) to serve subpoena duces tecums on State Farm, phone carriers, and Google. Plaintiffs seek an order from the Court on or before June 10, 2019.

Before the Court may turn to the merits of Plaintiffs' request, the Court has concerns whether Defendant has been properly served. *See Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 928 (E.D. Tenn. 2002) (explaining the "bedrock principle that a defendant is not obliged to engage in civil litigation unless the defendant is properly notified of the action and brought under the court's authority, *i.e.,* personal jurisdiction, by formal service of process").

1

Here, the proof of service from the process server states, "On May 13, 2019, I delivered the summons and complaint to Madeline Hite, an agent of Joshua Hedrick, an attorney for Ms. Salley, who agreed to accept service." [Doc. 7 at 2]. As stated in *Arthur*, "[T]he mere attorney-client relationship between a defendant and his attorney does not, in itself, convey the specific authority necessary for the attorney to receive service of process on the defendant's behalf." 249 F. Supp. 2d at 930.[1]

Given the Court's concerns that Defendant has not been properly served, coupled with Plaintiffs' request that Defendant begin participating in this litigation via a deposition and producing documents, the Court will hold Plaintiffs' Expedited Motion for Early Discovery [**Doc. 8**] in **ABEYANCE**. Plaintiffs may submit additional information regarding service of process and/or the appropriateness of considering a motion if Defendant has not been properly served.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[1] The Court notes that Attorney Hedrick has not filed a pleading or a formal notice of appearance in this case pursuant to Local Rule 83.4.

2

Case 3:19-cv-00174-TRM-DCP   Document 9   Filed 06/06/19   Page 2 of 2   PageID #: 34