UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| AMELIA WIEAND, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-174-TRM-DCP |
| | ) | |
| | ) | |
| JENNIFER SALLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Expedited Motion for Early Discovery [Doc. 8], which was filed on May 31, 2019. Based on the Court's concerns of whether Defendant had been properly served, the Court entered an Order holding the motion in abeyance pending Plaintiffs' submission of additional information regarding service of process and/or appropriateness of considering a motion if Defendant had not been properly served. [Doc. 9]. On June 7, 2019, a Stipulation was filed stating that "Defendant Jennifer Salley was appropriately served with the Summons and Complaint through her authorized agent, attorney Joshua Hedrick, on May 13, 2019." [Doc. 10]. Mr. Hedrick signed the Stipulation as "Attorney for Jennifer Salley for the limited purposed indicated herein." [*Id.*].

The Court then conducted a telephonic conference on June 12, 2019, to obtain more information regarding the Stipulation, and specifically to inquire about the nature of Mr. Hedrick's limited appearance. [Doc. 11]. During the telephone conference, Mr. Hedrick stated that he was only making an appearance for the purpose of confirming the stipulations that Defendant was

properly served, that she had agreed to a fourteen-day extension to respond to the Complaint, and that she takes no position on the pending motion for expedited discovery.  Mr. Hedrick further confirmed that Defendant was otherwise representing herself in a *pro se* capacity.[1]  On June 14, Attorneys Joseph R. White and Leslie T. Foster filed a Notice of Appearance as counsel for Defendant in this case.  [Doc. 12].

In their Motion for Expedited Discovery [Doc. 8], Plaintiffs seek to engage in limited discovery prior to the Rule 26(f) planning conference.  Plaintiffs assert that good cause exists to allow them to depose Defendant and two of her former assistants, Chelsea Barger and Allison Streeter.  Additionally, Plaintiffs seek to serve three requests for production upon Defendant to obtain documents related to policies and paperwork that Defendant required Plaintiffs to complete; all cell phone and mobile device records, as well as electronically stored data, sent by or to Defendant from Plaintiffs, Chelsea Barger, and/or Allison Streeter between March 1, 2017 and July 20, 2018, which concern Defendant providing care to children or the residence at issue; and every insurance policy which may be available to Defendant, or any statement in which the insurer has declined coverage or elected to defend under a reservation of rights.  Lastly, Plaintiffs wish to serve supboenas *duces tecum* to State Farm and Defendant's local State Farm Agent, the parties' telephone carriers, and to Google.

Plaintiffs claim that this early discovery is necessary to identify potential co-defendants prior to the statute of limitations expiring on July 20, 2019, including any individuals who built or installed gates at the property at issue; prevent the risk of evidence being lost or destroyed; and obtain information regarding relevant insurance issues concerning Defendant's liability and representation.  While the initial Stipulation signed by Attorney Hedrick stated that Defendant

---

[1] During the telephonic hearing, Mr. Hedrick stated that he currently represents Defendant in a criminal case based upon the events at issue.

takes no position on the pending motion, such stipulation was made through Attorney Hedrick in a limited appearance capacity. Further, Plaintiffs sought permission to conduct such discovery in advance of a Rule 26(f) conference. Defendant now has counsel, and the Court has been advised that the parties have scheduled a Rule 26(f) conference for Monday, June 17, 2019. The required initial disclosures to be made following the conference should address most, if not all, of the issues raised in Plaintiffs' motion. Following the conference, if there are any remaining issues that need to be addressed by the Court, Plaintiffs may notify the Court after they confer and file an appropriate motion.

Accordingly, the Plaintiffs' Motion for Expedited Discovery [Doc. 8] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge